UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

**SELENA LEWIS-CHAPLAIN, JR.,**          CASE NO.: 1:25-cv-26182
    **Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES LTD.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SELENA LEWIS-CHAPLAIN, JR., (hereinafter "Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendant ROYAL CARIBBEAN CRUISES LTD. (hereinafter "Defendant" or "RCCL"), and alleges:

## JURISDICTION, VENUE, AND PARTIES

1. This is an action for money damages and the amount in controversy is in excess of $75,000.00 exclusive of interest and court costs.

2. This Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to Article III § 2 of the United States Constitution and 28 U.S.C. § 1333.

3. Plaintiff, SELENA LEWIS-CHAPLAIN, JR., is a citizen and resident of Florida.

4. Defendant ROYAL CARIBBEAN CRUISES LTD. is a foreign corporation authorized to conduct and conducting business with a principal place of business in Miami-Dade County, Florida.

5. This matter is being filed in the United States District Court for the Southern District of Florida, Miami Division, pursuant to the forum-selection clause contained in the Ticket Contract

1

issued by Defendant. Defendant is in possession of a copy of the ticket contract. Defendant has agreed, in writing, that jurisdiction and venue are proper in this Court pursuant to the Ticket Contract.

6. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## GENERAL ALLEGATIONS

7. At all times material, Defendant RCCL owned, operated, managed, maintained, and controlled the vessel, *Oasis of the Seas*.

8. On January 3, 2025, Plaintiff Ms. Lewis-Chaplain was lawfully aboard the vessel as a fare-paying passenger and was relaxing on the deck which included the "Solarium" area for this vessel.

9. As Ms. Lewis-Chaplain was simply sitting and relaxing an approximate 10'-15' long metal pole struck the Plaintiff on the head and left foot.

10. Ms. Lewis-Chaplain noted there had been a gust of wind before the metal pole came crashing down upon her.

11. Ms. Lewis-Chaplain was also told by a RCCL security officer that the metal pole: a. should not have been there and b. should have been secured by RCCL employees.

12. The metal pole was not that of any passenger, but was equipment of RCCL; and the metal pole furthermore had consecutive alternating yellow and black tape on the length of it, a universal safety color scheme especially in industrial and marine settings to draw attention to potential hazards.

13. The long metal pole was not secured by RCCL and fell and struck Ms. Lewis-Chaplain.



14. As a result of Defendant RCCL's negligence, Ms. Lewis-Chaplain sustained serious bodily injuries, necessitating medical treatment, as well as lost wages.

## ALLEGATIONS RELEVANT TO NOTICE

15. Defendant RCCL had actual notice of the dangers posed by the metal pole in that this was equipment owned by RCCL.

16. The equipment is unique to RCCL and is not equipment that would be used by passengers, but would be used by RCCL employees.

17. Furthermore, the equipment is specific to the vessel, to nautical adventure and not typically encountered on land, and therefore notice under general maritime law is not an issue in this case.

18. Furthermore, RCCL had constructive notice of the dangers posed by the falling equipment based on a multitude of prior similar incidents, including but not limited to the following few examples:

a. Royal Caribbean Cruise Line Jewell of the Seas (Radiance Class)-Newton, Pamela-2023-FC-Case No.: 1:23-cv-20658. Judge: No mention. PA: Nicholas I. Gerson. Haiti-Labadee Island. Unsecured beach umbrella became loose striking the Pl, severely lacerating her arm/infection. DOL: 2/23/2022. Alabama.

b. Royal Caribbean Cruise Line Symphony of the Sea (Oasis Class) -Chace, Sarah-2020-FC-Case No.: 1:20-cv-24332. Judge: Marcia G. Cooke. PA: Gabrela Di Mauro. Excursion/Chill Island/Coco Cay/Private Beach Destination/PL injured while sunbathing when an unsecured umbrella struck her in the head causing serious injuries. DOL: 11/29/19. Maryland.

c. Royal Caribbean Cruise Line Independence of the Seas (Freedom Class) Pongnon, Samuel & Guerline for minor, V.P.-2025-FC-Case No.: 1:25-cv-20710. Judge: Melissa Damian. PA: John H. Hickey. Hit by flying umbrella/Deck 11/windy conditions/Minor sitting on the edge of pool/umbrella picked up by the wind and struck minor on the right side of the head/injuries. DOL: 3/22/2024. Florida.

d. Royal Caribbean Cruise Line Jewell of the Seas (Radiance Class)-Newton, Pamela-2023-FC-Case No.: 1:23-cv-20658. Judge: No mention. PA: Nicholas I. Gerson. Haiti-Labadee Island. Unsecured beach umbrella became loose striking the Pl, severely lacerating her arm/infection. DOL: 2/23/2022. Alabama.

e. Royal Caribbean Cruise Line Azamra Quest (R-Class)-Skalko, Daniel A.-2018-FC-Case No.: 1:18-cv-23242. Judge: Jose E. Martinez. PA: Alvin M. Gomez, DA: Anita M. Eilert. PL injured while sitting at a table on the deck when a steel ladder

position behind a sheet of cloth unsecured fell on the back of PL's head. Memory loss, neck pain, ear ringing, blurred vision. DOL: 2-17-17. California.

19. Finally, RCCL had constructive notice as the subject location is a highly trafficked area frequented by multiple RCCL crewmembers every day.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN

20. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 18 above, as though alleged more fully herein.

21. Defendant RCCL owed the non-delegable duty to its passengers, including the Plaintiff, of reasonable care under the circumstances.

22. Defendant RCCL, its agents, servants, and employees, breached Defendant RCCL's duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

   a. Failure to inspect, maintain, and monitor, the subject yellow and black striped metal pole such that the Solarium area was reasonably safe for use by passengers, including as to Plaintiff specifically;

   b. Failure to take reasonable precautions to keep the equipment in a safe and reasonably functioning manner, to wit: so that the equipment would not come loose from its and strike a passenger, here Ms. Lewis-Chaplain; and

   c. Failing to retain the equipment in a reasonably safe manner, as is required under general maritime law, but which is evident the Defendant failed to do.

23. As a direct and proximate result of the aforementioned acts and omissions of Defendant RCCL, Plaintiff, Ms. Lewis-Chaplain has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future),

5

disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which RCCL is liable for.

**WHEREFORE**, Plaintiff SELENA LEWIS-CHAPLAIN, JR. demands judgment against Defendant ROYAL CARIBBEAN CRUISES LTD. for all damages and the costs of this action.

## COUNT II – FAILURE TO WARN

24. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 18 above, as though alleged more fully herein.

25. At all times material, Defendant RCCL owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of dangerous conditions known or knowable to RCCL in the exercise of reasonable care.

26. That the subject metal pole on Defendant RCCL's vessel would pose a hazard to unsuspecting passengers is a danger neither apparent nor obvious to a reasonable person.

27. Despite the fact that the dangerous conditions of the marked metal pole was known and knowable to Defendant RCCL, given actual and constructive notice, Defendant RCCL, its servants, agents, and employees failed to provide any warning of those conditions to Ms. Lewis-Chaplain.

28. Ms. Lewis-Chaplain was provided no notice of the danger posed, not until after she was struck and the security officer advised her the pole should not have been there and should have been secured by RCCL employees.

29. Defendant RCCL, its agents, servants, and employees, breached Defendant RCCL's duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

   a. Failure to verbally warn Ms. Lewis-Chaplain of a dangerous condition—the hidden, non-obvious risk of being struck by the metal pole;

   b. Failure have any warning signs to warn passengers, including Ms. Lewis-Chaplain, of the potential dangerous condition posed by the metal pole;

   c. Failure to discharge its duties to passengers under maritime law to observe and warn of known dangerous conditions.

30. Defendant RCCL, its servants, agents, and employees created the foregoing conditions causing Plaintiff's injury, but did not warn Ms. Lewis-Chaplain of the hidden, dangerous condition that RCCL's metal pole constituted, despite RCCL's obligation to do so.

31. As a direct and proximate result of the aforementioned acts and omissions of Defendant RCCL, Plaintiff, Ms. Lewis-Chaplain has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which RCCL is liable for.

**WHEREFORE**, Plaintiff SELENA LEWIS-CHAPLAIN, JR. demands judgment against Defendant ROYAL CARIBBEAN CRUISES LTD. for all damages and the costs of this action.

### COUNT III – VICARIOUS LIAIBILTY OF DEFENDANT UNDER *RESPONDENT SUPERIOR*

## FOR THE ACTS OF THE DEFENDANT'S CREWMEMBERS

32. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 18 above, as though alleged more fully herein.

33. At all times material, the crewmembers assigned and responsible for monitoring and maintaining the Solarium area were the agents, servants, and employees of Defendant RCCL, acting within the scope of their employment.

34. Defendant RCCL, as the employer of the subject crewmembers, is vicariously liable for any and all damages resulting from the negligent acts of the subject crew members while acting within the scope of employment under the doctrine of respondeat superior, and regardless of whether Plaintiff can show that Defendant RCCL had actual or constructive notice of the subject condition that caused Plaintiff's injuries.

35. RCCL's crewmembers owed a duty of care to Plaintiff, to exercise reasonable care under the circumstances.

36. RCCL's crewmembers breached their duty of care to Plaintiff by not taking sufficient precaution to protect RCCL's passengers which resulted in RCCL's long metal pole falling on the Plaintiff, and this failure included not stowing the metal pole in a proper location away from passengers, and included not securing down the metal pole in such a manner that would prevent it from falling on Ms. Lewis-Chaplain.

37. RCCL, through its employees failed to act reasonably in a manner that would keep Plaintiff safe from being struck by RCCL's equipment, and failed to warn the Plaintiff at all.

38. As a result of the negligence of RCCL's Solarium crewmembers, for which Defendant RCCL is vicariously liable, Plaintiff, Ms. Lewis-Chaplain has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and

future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which RCCL is liable for.

**WHEREFORE**, Plaintiff SELENA LEWIS-CHAPLAIN, JR. demands judgment against Defendant ROYAL CARIBBEAN CRUISES LTD. for all damages and the costs of this action.

Respectfully submitted this 31st day of December 2025.

*/s/ Frank D. Butler, Esq.*
Frank D. Butler, Esq.
FBN: 940585
fdblawfirm@aol.com
Jana Ranieri Cortina, Esq.
FBN: 771740
jcortina@fightingforfamilies.com
Frank D. Butler, P.A.
10550 U.S. Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary: kallen@fightingforfamilies.com
*Attorneys for Plaintiff*